FILED

NOT FOR PUBLICATION

DEC 09 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAGDALENA IGNA; et al.,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 05-76633

Agency Nos. A079-587-743
A079-587-744
A079-587-745

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2010[**]
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and LYNN, District
Judge.[***]

Viorica, Viorel, and Magdalena Igna (the "Ignas"), citizens and natives of

Romania, petition for review of the Board of Immigration Appeals' ("BIA")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barbara M. Lynn, United States District Judge for the
Northern District of Texas, sitting by designation.

affirmance of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review and remand.

The IJ found the Ignas' testimony credible. He then stated, "Assuming arguendo the incident took place in Roseani as alleged, the Asylum Officer found that what happened to the respondent and co-respondent amounted to persecution and indeed if it happened as they described it, it would be persecution." Because the IJ found petitioners credible, the IJ should not have merely "assumed arguendo" that the incident took place "as alleged"; rather, because petitioners were credible, the IJ was required to find that the incident happened as they described it. The IJ found that the incident, as described, was "persecution." Further, the IJ noted that past persecution based on religion can be established even if religious beliefs are only one of several motivations for the persecution suffered. However, the IJ found that the presumption of a well-founded fear of future persecution was rebutted because conditions in Romania had changed, and because the Ignas could reasonably relocate within Romania because persecution was localized. These findings are not supported by substantial evidence.

The record contradicts the IJ's finding that country conditions in Romania had significantly changed. The IJ's finding was based solely on a three-paragraph

response to an INS internet query, and it ignored contrary evidence in the response itself, as well as substantial evidence of continuing persecution in the State Department Reports. Moreover, the IJ failed to conduct an individualized analysis as to how any changed country conditions might affect the petitioners' situation. *See Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir. 2004) (stating that absent an individualized analysis, a government report on country conditions, "standing alone, is not sufficient to rebut the presumption of future persecution" (quoting *Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002))).

In finding that the Ignas could reasonably relocate within Romania because persecution of religious minorities was localized, the IJ disregarded the presumption that persecution by government actors exists nationwide and ignored the record evidence of such persecution. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003) (applying the presumption and stating that internal relocation is not automatically reasonable "merely because there are areas in the country where [the applicant] would not face persecution"). In addition, the IJ relied on the impermissible assumption that the Ignas could avoid future persecution by curtailing their religious proselytizing.

Because the Ignas were subjected to past persecution, and the IJ's finding that the government rebutted the consequent presumption of the Ignas' well-founded fear of future persecution is not supported by substantial evidence, we

remand for the Attorney General's discretionary determination of whether to grant relief.  *Mashiri v. Ashcroft*, 383 F.3d 1112, 1123 n.7 (9th Cir. 2004).

**PETITION GRANTED; REMANDED.**